# Third District Court of Appeal

**State of Florida**

Opinion filed April 25, 2018.

_____

No. 3D17-2009
Lower Tribunal Nos. 07-17576A & 17-3981

_____

**Titus Laqual Henley,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Titus Laqual Henley, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and FERNANDEZ and LUCK, JJ.

ON ORDER TO SHOW CAUSE

ROTHENBERG, C.J.

On the motion to correct opinion filed by the Public Defender's Office, we grant the motion, withdraw this Court's opinion dated March 21, 2018, and issue this opinion in its stead.

In Case Nos. 3D15-1572 and 3D15-925, this Court ordered the defendant, Titus Laqual Henley, to show cause why he should not be prohibited from filing with this Court any further pro se appeals, petitions, motions or other proceedings related to lower tribunal numbers 07-17576A and 09-16471A. On March 30, 2016, following the defendant's response to the order to show cause, this Court ordered the Clerk of the Third District Court of Appeal to refuse further filings related to these lower tribunal cases unless the filings have been reviewed and signed by an attorney who is a licensed member of the Florida Bar in good standing. Henley v. State, 201 So. 3d 665, 665 (Fla. 3d DCA 2016), review dismissed, No. SC16-1155 (Fla. July 1, 2016), and review dismissed, No. SC16-1344 (Fla. July 27, 2016). This Court also warned the defendant as follows: "Any further and unauthorized pro se filings by Henley will subject him to sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for consideration by it for disciplinary action, pursuant to section 944.279(1) of the Florida Statutes." Id.

Less than six months later, on August 29, 2017, the defendant filed a "Notice of Appeal and or Motion for Appointment of Counsel to File a Notice of

2

Appeal to the Second Corrected Order of Revocation of Probation," referencing lower tribunal case numbers 17-3981 and 07-17576A. Thereafter, this Court ordered the defendant to show cause why his appeal should not be dismissed where (1) he was prohibited from filing any pro se pleading related to lower tribunal case number 07-17576A, and (2) the charges in lower tribunal case number 17-3981 had been nolle prossed.

In his response, the defendant asserted that he was appealing an order revoking his probation in lower tribunal case number 07-17576A; the trial court's revocation order states that the defendant has the right to the assistance of counsel in taking an appeal; and, as an indigent defendant, he has a constitutional right to the appointment of appellate counsel. The defendant also asserted that, although the State nolled prossed the charges in lower tribunal case number 17-3981, prior to doing so, the trial court entered orders in case number 17-3981 that "ultimately affected the decision" in lower tribunal case number 07-17576A.

In its response to the defendant's response to this Court's order to show cause, the State asserted that the defendant's pro se pleading should be dismissed pursuant to this Court's March 30, 2016 order prohibiting the defendant from filing any further pro se pleadings. The State further asserted that the defendant's claim that the nolle prossed charges in case number 17-3981 were a basis for an order of violation in case number 07-17576A is refuted by record.

3

Following the State's response, on January 16, 2018, this Court ordered the Office of the Public Defender to examine the records in lower tribunal case numbers 07-17576A and 09-16471A and to determine whether the defendant was found in violation of his probation in lower case number 07-17576A on September 1, 2017.

In his response to this Court's January 16, 2018 order, the Assistant Public Defender stated that his review of the records in lower tribunal cases 07-17576A and 09-16471A reflects that no violation of probation hearing has been held in case number 07-17576A since June 2010, which hearing resulted in the revocation of the defendant's probation and the imposition of a new split sentence including prison time and probation. The Assistant Public Defender also noted that the docket indicates that no hearing of any kind was conducted on September 1, 2017, but that an affidavit of violation of probation is pending in case number 07-17576A.

Based on the above, we conclude that the defendant has not only violated this Court's March 30, 2016 order prohibiting him from submitting any further unauthorized pro se filing related to lower tribunal case number 07-17576A, but has also provided inaccurate information to this Court, resulting in the waste of judicial resources. Accordingly, we dismiss the defendant's pro se appeal filed on August 29, 2017. Further, we direct the Clerk of this Court to forward a copy of

4

this opinion to the Florida Department of Corrections to consider disciplinary action against the defendant pursuant to section 944.279(1) of the Florida Statutes.

Dismissed.